Michael C. Fallon, SBN 088313
Attorney at Law
100 E Street, Suite 219
Santa Rosa, California 95404
Telephone:    (707) 546-6770
Facsimile:     (707) 546-5775

Attorney for the Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re:                                                              Case No.  07-10399

Kevin Condon                                    .            Chapter 11
dba K C Plumbing
dba K C Home Services

    Debtor.
_____/

**PLAN OF REORGANIZATION**
**(October 26, 2007)**

      This Plan of Reorganization (hereinafter this "Plan") is proposed by Kevin Condon (hereinafter "Condon").  Through this Plan Condon seeks to resolve and reorganize his financial affairs.  Please refer to the accompanying Disclosure Statement for a discussion of Condon's history, assets and liabilities, and for a summary and analysis of this Plan.  All creditors are encouraged to consult the Disclosure Statement before voting to either accept or reject this Plan.  No solicitation materials other than the Disclosure Statement have been authorized by the Court for use in soliciting acceptances or rejections of this Plan.

Dated:   October 26, 2007                            */s/ Michael C. Fallon*
                                                         _____
                                                         Michael C. Fallon - SBN 088313
                                                         Attorney for Condon

## I.

## Definitions

The following terms when used in this Plan shall, unless the context otherwise requires, have the following meaning:

"Administrative Expense" means those expenses described in Section 503 of the Bankruptcy Code.

"Allowance Date" shall mean the date of a Final Order of the Court allowing a Claim or Interest in this Case.

"Allowed Claim" means a claim (a) for which a proof of claim was timely filed with the Court, or (b) scheduled in a list of creditors, or amendment thereto, prepared and filed with the Court pursuant to Rule 1007 of the Bankruptcy Rules of Procedure and not listed as disputed, contingent or unliquidated, and in either case as to which no objection has been filed or the claim is allowed by Final Order or deemed allowed by this Plan.

"Allowed Priority Claim" means an allowed claim for which the holder asserts and is determined to be entitled to priority under Section 507 of the Bankruptcy Code.

"Allowed Secured Claim" means an allowed claim that is secured by a valid lien on property of Condon which is not void or voidable under any state or federal law including any provisions of the Bankruptcy Code. That portion of such claim exceeding the value of security held therefore shall be an allowed unsecured claim except as modified by this Plan.

"Allowed Unsecured Claim" means an allowed claim against Condon which is not an allowed priority claim or an allowed secured claim.

"Bankruptcy Code" means Title 11 of the United States Code and shall also include Sections 157, 158, 1334, 1408-1412, and 1452 of Title 28 of the United States Code.

"Bankruptcy Court" means the United States Bankruptcy Court for the Northern District of California, Division One, or other court or forum as may be vested with original jurisdiction to confirm plans of reorganization under Chapter 11 of the Bankruptcy Code and to adjudicate matters with respect to such plans.

"Bar Date" shall mean August 2, 2007, which is the date established by the Bankruptcy

Court for all creditors to file a Proof of Claim.

"Claim or Claims" shall mean a right to payment from Condon, which is evidenced by a timely filed proof of claim or application for payment which is allowed by the Court, or if a proof of claim is not filed, a right which otherwise appears in the applicable schedules of the Baswells and (1) is not listed as disputed, contingent or unliquidated, or (2) has been resolved by Final Order of the Court pursuant to the terms of the Plan.

"Confirmation" means entry of an order by the Bankruptcy Court confirming this Plan.

"Debtor" or "Debtor-In-Possession" means Condon.

"Effective Date" means when the order confirming this Plan becomes a Final Order.

"Estate" means all of Condon's now existing legal or equitable interests in any tangible or intangible property, whether real or personal.

"Final Order" means an order or judgment of a court of appropriate jurisdiction as to which (a) any appeal that has been taken has been finally determined or dismissed, or (b) the time for appeal has expired and a notice of appeal has not been filed timely.

"Lien" means any charge against or interest in property of the Estate to secure payment of a debt or performance of an obligation and includes, without limitation, any judicial lien, security interest, mortgage, deed of trust and statutory lien as defined in Section 101 of the Bankruptcy Code.

"Plan" shall mean the Plan of Reorganization in its present form, or as it may be amended, supplemented or modified.

## II.

## Introduction

This Plan designates eight (8) classes of Claims, other than administrative fees and expenses, claims of governmental units and wage claims which are unclassified, and it specifies which of those classes are impaired by the Plan and which classes are not impaired. The Plan provides the means for its implementation by the property held by Condon thereby providing Condon with the means to pay the Claims as provided in the Plan. The manner, amount, and timing of distributions to each creditor is determined by the provisions of the Plan. When the

case has been substantially consummated, the Court may enter a final decree.

The provisions of the confirmed Plan bind Condon, and the creditors of Condon, whether or not they have accepted the Plan and whether or not they are impaired by the Plan. Distributions under the Plan are in exchange for, and in complete satisfaction of, existing Claims and will discharge and release all such Claims and Liens as against Condon, except as otherwise provided in the Plan. On and after the Effective Date, all holders of impaired Claims and Interests shall be precluded from asserting any Claim against Condon or its property based on any transaction or other activity of any kind that occurred prior to commencement of the case, except as otherwise provided for under this Plan.

## III.

## Classification of Claims and Interests

The following is a designation of the classes of claims and the class of interests provided for in this Plan. Administrative claims, priority tax claims, and priority wages claims of the kinds specified in Bankruptcy Code § 507(a)(1) and §507(a)(8) respectively, have not been classified and are excluded from the following classes in accordance with the provisions of §1123(a)(1) of the Bankruptcy Code. A claim or interest shall be deemed classified in a different class to the extent that any remainder of the claim or interest qualifies within the description of such different class. A claim is in a particular class only to the extent that the claim is an Allowed Claim in that class. The Plan establishes eight (8) classes that deal with the claims of creditors and the interest of Condon.

| | |
|---|---|
| Class 1: | CitiMortgage - 1st Trust Deed of Trust Residence |
| Class 2: | Wilshire Credit - 2nd Deed of Trust Residence |
| Class 3: | Pacific Bell Directory - Abstract of Judgment |
| Class 4: | American Honda Finance Corp - 2004 Honda 250 |
| Class 5: | Keybank - 2001 Correct Craft Boat |
| Class 6: | Yamaha Retail Services - 2006 Yamaha 450 |
| Class 7: | General Unsecured Creditors |
| Class 8: | Condon |

## IV.

## Treatment and Provision for Non-Classified Claims

Each holder of an Allowed Claim of the kind specified in § 507(a)(1) and (a)(8) of the Bankruptcy Code, not otherwise separately classified herein, and the Office of the United States

Trustee, shall receive on account of such claim cash equal to the allowed amount of such claim, unless such holder shall have agreed to a less favorable treatment. Payments on account of such a claim shall be distributed on the later of the following dates:

(1) Office of the United States Trustee - The Effective Date;

(2) Allowed Claims of Administration - As soon as practical after the order allowing the claim becomes a Final Order.

V.

**Treatment and Provision for Each Class of Claims**

Each class of Claims or interests shall be dealt in the manner set forth below. All of the classes shall have their valid and allowed claims paid in full upon the completion of the refinance.

**A. Unimpaired Classes.**

Class 1: CitiMortgage - The terms and conditions of the promissory note and deed of trust shall not be modified by the Plan: Condon will continue to make all payments required by the promissory note and CitiMortgage shall retain its security interest.

Class 2: Wilshire Credit - The terms and conditions of the promissory note and deed of trust shall not be modified by the Plan: Condon will continue to make all payments required by the promissory note and Wilshire Credit shall retain its security interest.

Class 4: American Honda Finance- The terms and conditions of the promissory note and security agreement shall not be modified by the Plan. Condon will continue to make all payments required by the promissory note and American Honda Finance shall retain its security interest.

Class 5: Keybank - The terms and conditions of the promissory note and security agreement shall not be modified by the Plan. Condon will continue to make all payments required by the promissory note and Keybank shall retain its security interest.

Class 6: Yamaha Retail Services - The terms and conditions of the promissory note and security agreement shall not be modified by the Plan. Condon will continue to make all payments required by the promissory note and Yamaha Retail Services shall retain its

Case: 07-10399    Doc# 35    Filed: 10/26/07    Entered: 10/26/07 08:39:20    Page 5 of 8
102607                                            4

security interest.

**Impaired Classes**

Class 3: Pacific Bell Directory - The judicial lien held by Pacific Bell will be avoided pursuant to 11 USC § 522(f) to the extent the lien impairs Condon's homestead exemption. The balance of the judicial lien that is not avoided, approximately $90,000, will be paid in full together with interest at the Federal rate paid on judgements that is in effect on the Effective Date of the Plan. The balance of the claim will be paid as a Class 7 Claim.

Class 7: The General Unsecured Creditors: Condon will make quarterly distributions of $3,000 per quarter for five (5) years to the General Unsecured Creditors. The dividend to the General Unsecured Creditors should be approximately twenty-five percent (25%) of the Allowed Unsecured Claims, with the actual dividend to be determined after the court rules on which claims should be allowed.

VI.

**Implementation of the Plan**

**A. Vesting.**

On the Effective Date, all property of the Estate shall be transferred to, and shall vest in Condon subject to the interests evidenced by the Security Interest and Liens preserved under the Plan. After the Effective Date, Condon may use, lease, license, transfer, sell, refinance, encumber, hypothecate, dispose of, acquire, and buy property, including payment of professionals, subject to the terms of this Plan, but free of any other restriction contained in the Bankruptcy Code or Bankruptcy Rules or Bankruptcy Local Rules. As of the Effective Date, all property vested in Condon shall be free and clear of all Claims of creditors, except the obligations that are imposed or preserved by this Plan.

**B. Means of Funding the Plan.** Condon will continue to operate K C Plumbing, a sole proprietorship, and will fund the plan from the profits generated by their business.

**C. Management.**

Condon will continue to manage his financial affairs.

VII.

## Default

Condon shall pay each Allowed claim as provided by the Plan, and the failure of the Baswells to pay any particular Allowed Claim within the time, or in the manner or amount provided by the Plan shall constitute a default by Condon in performance of the Plan. Upon default by Condon, any holder of an Allowed Claim that has not been satisfied as of the time of the default may make a written demand upon Condon to cure the default by either (1) paying the defaulted payments or (2) obtaining a written waiver of the default from each holder of the Claim or Claims which have not been timely paid. If Condon does not cure the default within ten days of such written notice of default, then the party giving the written notice may either (1) pursue its remedies under the laws of the State of California, or (2) file a motion in the Bankruptcy Court to convert the case to Chapter 7. In the event this Chapter 11 case is converted to Chapter 7 after confirmation of the Plan, all assets of Condon shall transfer to, and vest in the Chapter 7 bankruptcy estate on the date of conversion.

## VIII.

## Reservation of Claims and Defenses

Condon expressly reserves all claims and defenses, including objections to claims, that existed prior to confirmation (the "Retained Class and Defenses"). The Retained Claims and Defenses shall consist of any and all claims, interest, causes of action, defenses, counter claims, cross claims, third party claims, or rights of offset, recoupment, subrogation, or subordination held by the Baswells or the bankruptcy estate, including, but not limited to, any claims pursuant to Bankruptcy Code Sections 502, 544, 545, 547, 548, or 549, any avoiding powers arising under the Bankruptcy Code or other applicable law and any claims or causes of action. None of the Retained Claims or Defenses shall be barred or estopped because the Plan or the Disclosure Statement does not specifically identify or describe a Retained Claim or Defense or the person against whom a retained claim or defense may be asserted.

## IX.

## Retention and Jurisdiction By the Bankruptcy Court

The Bankruptcy Court shall retain jurisdiction for the following purposes:

1. The allowance or disallowance of Claims;

2. The rejection, pursuant to sections 365 and 1123 of the Bankruptcy Code, of executory contracts or unexpired leases in accordance with Article IX of the Plan;

3. Resolution of controversies or disputes regarding requests for payment of Administrative Claims, compensation of Professionals, or the costs and expenses allowed under the Plan;

4. The Resolution of controversies or disputes regarding the interpretation of any provision of the Plan;

5. The Implementation of the provisions of the Plan and the entry of orders in aid of confirmation or consummation of the Plan;

6. Modification of the Plan pursuant to section 1127 of the Bankruptcy Code;

7. Adjudication and determination of any fraudulent conveyance and preference claim under the Bankruptcy Code or under any other applicable law, including but not limited to claims under Bankruptcy Code sections 542, 543, 544, 545, 547, 548 or 549.

8. Adjudication of any causes of action belonging to the Estate or to the Committee to the extent permissible under sections 1334 and 157 of title 28 of the United States Code;

9. Entry of an order closing this Chapter 11 case and of a final decree herein; and

10. Any other matter necessary or appropriate for the completion or the implementation of this Plan or the foregoing items.

Dated: October 26, 2007                              /s/ Michael C. Fallon
                                                     _____
                                                     Michael C. Fallon
                                                     Attorney for Condon